UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

    v.                                            Case No. 21-mj-218

FELICIA KONOLD

## MOTION TO AMEND CONDITIONS OF RELEASE

Comes now the defendant, by and through his attorney, Richard S. Stern, to respectfully move this Honorable Court to amend his conditions of release to vacate the requirement under sections 7p(ii) and 7(q) requiring home detention and location monitoring.

**Attempt to obtain consent**

Undersigned counsel contacted Christopher Berridge, Esquire, counsel for the government, on his position on this matter and he did state consent.

As grounds therefore we state as follows:

1. Ms. Konold was released from custody per Magistrate Judge Merriweather's order dated February 26, 2021.

2. The order required that Ms. Konold would be supervised by the Pretrial Services Agency in the District of Arizona.

3. The undersigned contacted the DC Pretrial Services Agency and spoke to Da'Shanta' Valentine Lewis, who stated that they would defer to the Court.

4. To the best of counsel's knowledge and based on the PSA's report of March 22, 2021, She has been complying with all of her conditions of release and nothing has been filed to the contrary.

1

5. Ms. Konold's PSA report shows no criminal conviction record.  She does have a pending DUI and misdemeanor case which is still pending for a status call on April 27, 2020. She was released in that case apparently without issue.

6. When she was first incarcerated, she was found to be pregnant by the medical officer at the jail in Arizona.  She clearly is not a danger to the community nor a danger of flight.  The Criminal Complaint in this case, ECF No. 1, showed in Paragraph 18 that she voluntarily had an interview with the FBI and thereafter made no efforts to escape from law enforcement or evade the Courts

6. Ms. Konold presently has one child who she home schools and she has worked as gardener.  She has not been allowed to work because her clients pay in cash which is normal for such work and has been severely restricted as to her movements, even to do grocery shopping for her family.  She is also the only care giver to her elderly aunt who needs her help,

7. Wearing the ankle bracelet and being so monitored has restricted her ability to simply her life.

8. We submit the conditions at issue are simply unnecessary as she has earned the trust of the Court by obeying orders an showing up for court proceedings to date without incident. The next Court date is May 5, 2021.

9. A least onerous condition would be her to report by phone on a more regular basis than once per week.

10.  The Arizona Pretrial  report verified that her aunt with whom she lives was a suitable third custodian and who was willing to accept the duties all responsibilities of the appointment.

11.  In sum, Ms. Konold is a mother with a young son, has no violent or dangerous history, is college educated and has been completely compliant (per every report taken) with the

Court since her arrest on February 11, 2021.   She is responsible for other lives, not including her own, that requires daily care and trips to accommodate.

    WHEREFORE, we pray that the Court vacate the location monitoring and ankle bracelet requirements in this case.

                                         Respectfully submitted,

                                         /s/ Richard S. Stern
                                         _____
                                         RICHARD S. STERN
                                         D.C. Bar No. 205377
                                         932 Hungerford Drive #37A
                                         Rockville, MD 20850
                                         301-340-8000
                                         Email:  rssjrg@rcn.com
                                         Attorney for Ms. Konold

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that I have electronically served all counsel of record on April 1, 2021.

                                         /s/ Richard S. Stern
                                         _____
                                         RICHARD S. STERN