UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| : | Case No. 21-cr-160-3 (TJK) |
| v. : | |
| : | |
| FELICIA KONOLD : | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT FELICIA KONOLD'S
AMENDED MOTION TO AMEND CONDITIONS OF RELEASE**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this opposition to Defendant Felicia Konold's ("the defendant") Amended Motion to Amend Conditions of Release (ECF No. 56). The government respectfully opposes the defendant's motion and asks that the conditions of release remain the same.

**PROCEDURAL HISTORY**

The defendant was arrested on February 11, 2021 in her home state of Arizona pursuant to a Complaint and Arrest Warrant issued by Magistrate Judge Faruqui.[1] At the request of the government and over objection of the defendant, the Court in Arizona imposed home detention and electronic monitoring as conditions of release on February 17, 2021.[2] At the defendant's initial appearance in the District of Columbia on February 26, 2021, Magistrate Judge Meriweather imposed essentially the same conditions that were imposed in Arizona. *See* ECF No. 37. The defendant did not object to the re-imposition of these terms by the District of Columbia, with the exception of being able to contact her brother, Cory Konold, an indicted co-conspirator in the instant case. The same day, February 26, 2021, the defendant was indicted on several charges,

---

[1] *US v. Felicia Konold*, 21-mj-218-3 (ZMF).
[2] *US v. Felicia Konold*, 21-mj-110-N/A-EJM. This release order is attached as Exhibit 1.

1

including but not limited to Conspiracy, Obstruction of an Official Proceeding, and Interfering with Law Enforcement During Civil Disorder. ECF No. 29. The defendant, along with most of her co-defendants, were arraigned on the indictment before this Court on March 23, 2021. The next status hearing in this case is set for May 5, 2021.

The defendant previously sought a limited modification of her conditions of release in order to accommodate seeing her brother briefly at Passover seder. ECF No. 49. Given the very limited modification of her conditions of release for a discrete time frame, the government did not object to this request. ECF No. 50. Accordingly, the Court granted the defendant's unopposed motion. The defendant now moves for further, permanent modification, i.e. to remove home detention and GPS location monitoring. ECF No. 56 at 1.

## ARGUMENT

A person may file a motion for amendment of conditions of release to the Court having jurisdiction over the offense where the release conditions were set by a Magistrate Judge. *See* 18 U.S.C. § 3145(a)(2). Modifications are generally grounded in new information or a change in circumstances that would merit such a modification. *See e.g. United States v. Hebron*, No. CRIM.A. 97-178 (TAF), 1997 WL 280568, at *1 (D.D.C. May 22, 1997); *accord United States v. Bikundi*, 73 F. Supp. 3d 51, 54 (D.D.C. 2014) (citing 18 U.S.C. § 3142(f)(2)(B)).

The defendant argues that her conditions of release are "simply unnecessary" and that they have restricted "her ability to simply [live] her life." ECF No. 56 at 2. While it is undoubtedly true that the defendant is inconvenienced by her conditions of release, the defendant's desire to maneuver her daily activities as she did before she was on pre-trial release for extremely serious offenses is not a sufficient reason for the Court to revisit those conditions. The government has never sought this defendant's detention pending trial in this case, as it is the government's position

that conditions could be fashioned to assure her return to court and that would assure the safety of the community. However, releasing the defendant to mere personal recognizance belies the plain fact that she, along with her co-defendants, violently entered the U.S. Capitol to disrupt the process designed to effectuate the peaceful transition of power, engaged in obstructive acts against law enforcement while both inside and outside the Capitol, and celebrated these crimes after the event. That the defendant has heightened conditions of release based on that conduct just three months from January 6, 2021 is eminently appropriate.

The defendant cites some additional points in support of this modification. First, she cites that she has no criminal record. ECF No. 56 at 2. She also correctly points out that she has a pending DUI case; contrary to the defendant's assertion, this fact actually supports a decision for heightened supervision. Knowingly engaging in the conduct in the instant case while on release for a DUI hardly inspires confidence that the defendant will obey all directives from the Court while she is on release in this case. Second, the defendant argues that she did not flee after being contacted by the Federal Bureau of Investigation ("FBI") in late January. *Id.* This fact supports that she is not a significant flight risk such that she should be detained pending trial, but does not address the efficacy of the GPS monitoring in its mitigation of the defendant's danger to the community. To that end, continued GPS monitoring allows Pretrial Services ("PSA") to assess compliance with important conditions of release, such as having no contact with the other co-defendants in this case, remaining within the District of Arizona, and staying out of the District of Columbia. Third, the defendant argues that her current conditions do not allow her to engage in what appears to be at least part-time employment or to shop for groceries. *Id.* The defendant is expressly permitted, even under the terms of home detention, to leave her residence for employment purposes. ECF No. 37. If working as a gardener at another location other than her

home is part of her employment, she is authorized by the terms of her release to do that.[3] As to the shopping for groceries, "other activities approved in advance" by PSA are also included in the conditions of release. *Id.* The government would have no objection to the defendant seeking authorization from PSA for scheduled grocery runs, especially considering she is a caretaker for her child and elderly aunt. Of course, this can be accomplished without modifying the conditions of release to eliminate home confinement or GPS monitoring and does not even necessarily need the attention of this Court.

In sum, the defendant has not raised any novel issue that merits any meaningful change of her release conditions, conditions that are certainly reasonable in light of her conduct and her risk of danger to the community. For that reason and for the reasons listed herein, the government respectfully requests the Court deny the defendant's motion.

Respectfully submitted,

CHANNING D. PHILLIPS
Acting United States Attorney
D.C. Bar No. 415793

By:    */s/ Christopher A. Berridge*
Christopher A. Berridge
Assistant United States Attorney
GA Bar No. 829103
555 Fourth Street, N.W.
Washington, D.C. 20530
Telephone: (202) 252-6685
Christopher.Berridge@usdoj.gov

---

[3] To the extent the defendant is having any issues facilitating travel to other locations for employment with PSA, the government encourages the defense to set up a conference with PSA and the government to discuss how best to facilitate those efforts.

4