**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>Felicia Konold, )<br>)<br>Defendant. ) | Case no. 1:21-cr-160<br><br>UNOPPOSED MOTION TO MODIFY<br>CONDITIONS OF PRETRIAL RELEASE |

**DEFENDANTS MOTION TO MODIFY CONDITIONS OF PRETRIAL RELEASE**

COMES NOW the defendant, Felicia Konold, by and through undersigned counsel, pursuant to 18 U.S.C. §3142 and Rule 12 of the Federal Rules of Criminal Procedure, and hereby respectfully request that this honorable court to enter an order modifying her pretrial release conditions by suspending the requirement of that she be subject to Stand Alone Monitoring with GPS. In support of this motion the defendant states the following in support:

1. The defendant is on pretrial release and under the supervision of the U.S. Probation and Pretrial Services Office for the District of Arizona.

2. The defendant has consulted with Pretrial Services officer, Manny Calderon, who has advised her to seek a court order to allow for termination of the Stand Alone Monitoring with GPS.

3. The defendant respectfully requests that the Court modify the conditions of her pretrial release by suspending the Stand Alone Monitoring with GPS requirement due to her expected delivery in October. The defendant is planning on a water-birth and the continued restriction imposed by the Stand Alone Monitoring would affect her ability to do so. The termination would allow the defendant to attend appointments freely for her newborn and

1

caretake for her newborn without restriction especially in emergency situations that occur so frequently with a newborn.

4. The defendant is the primary caretaker for her son, and soon to be newborn child. The imposition of the Stand Alone Monitoring has prevented her from providing educational support for her son who is home schooled. With the removal of said device, the defendant would be able to participate in co-parenting drop off, educational activities outside of the home and required school field trips.

5. Defendant is without income, having to rely upon the charity of others. Prior to the Stand Alone Monitoring with GPS requirement, Defendant had been employed as a Veterinary Technician.

6. The Conditions of Release to Stand Alone Monitoring do allow for the Defendant to leave the home for employment; however, the Defendant has had three job opportunities during her Pretrial Release which have all been terminated early due to the inability for her to complete the tasks because of the complications and restrictions imposed by Stand Alone Monitoring.

7. The defendant is the only caregiver to her elderly aunt who has recently been hospitalized with COVID-19. The Stand Alone Monitoring has prohibited her from participating in making decisions for her aunts healthcare and providing support.

8. The defendant is the mother of one and soon to be two (2) children. The defendant has no violent or dangerous history, is college educated and has been completely compliant (per every report taken) with the Court since her arrest on February 11, 2021.

WHEREFORE, we pray that the Court vacate the location monitoring and ankle bracelet requirements in this case.

KODNER WATKINS, LC

By: */s/ Albert S. Watkins*
ALBERT S. WATKINS, LC DC#399625
1200 S. Big Bend Blvd.
St. Louis, MO 63117
(314) 727-9111
(314) 727-9110 Facsimile
albertwatkins@kwklaw.net

**CERTIFICATE OF SERVICE**

    Signature above is also certification that on September 8th, 2021 a true and correct copy of the foregoing was electronically filed with the Clerk of the Court utilizing the CM/ECF system which will send notification of such filing to all parties of record.