**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| : | Case No. 21-cr-160-3 (TJK) |
| v. : | |
| : | |
| FELICIA KONOLD : | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT FELICIA KONOLD'S**
**MOTION TO MODIFY CONDITIONS OF RELEASE**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this opposition to Defendant Felicia Konold's ("the defendant") second Motion to Modify Conditions of Release (ECF No. 94). The government opposes the defendant's motion in part but does not oppose certain modifications to her release conditions.

The government does not believe that a complete stepdown to general supervision (i.e. without GPS monitoring) is appropriate. As the government stated in its previous opposition to the defendant's motion to modify her conditions of release (ECF No. 57), the defendant is on release for serious offenses and remains a risk of danger to the community, and therefore heightened supervision with electronic monitoring is appropriate. Modifications are generally grounded in new information or a change in circumstances that would merit such a modification. *See e.g. United States v. Hebron*, No. CRIM.A. 97-178 (TAF), 1997 WL 280568, at *1 (D.D.C. May 22, 1997); *accord United States v. Bikundi*, 73 F. Supp. 3d 51, 54 (D.D.C. 2014) (citing 18 U.S.C. § 3142(f)(2)(B)). The defendant has proffered no new information relevant to her dangerousness or to the offenses with which she is charged, and there are limited changes in her circumstances that would warrant modification of her conditions of release.

However, the government is sympathetic to some of the challenges facing the defendant

1

and is willing to consent to a stepdown of certain conditions of her release. First, as the defendant points out several times in her motion, she is pregnant and is preparing for a water-birth. With those representations, the government is willing to consent to removal of electronic monitoring for two weeks before and after her due date, recognizing that there are many variables regarding the timing of the birth of her child.

Second, the defendant raises several difficulties with her supervision that appear to conflate the home detention aspect of her supervision with the electronic monitoring aspect of her supervision. *See* ECF No. 94 at 2. As the government and the Court have previously informed the defendant, she would be permitted under the terms of her current supervision to leave the house for work or for medical appointments. Nevertheless, the government is willing to consent to a stepdown of her conditions of release from home detention to a home curfew from 9:00 p.m. to 6:00 a.m. Should she need to leave her home for a medical emergency during curfew (e.g. for any complications related to the newborn baby), she can always contact her supervision officer to report the need to leave the home for that purpose. A curfew will serve to protect the safety of the community and allow for electronic monitoring of the defendant's whereabouts, while also permitting her to operate essentially unencumbered throughout the day, when she would presumably be working and performing basic parental duties listed in her motion.

The government believes this compromise would both continue to protect the safety of the community and also allow for the defendant to have some flexibility for employment and the care of her family. For these reasons, the government requests the defendant's motion be denied in part.

Respectfully submitted,

CHANNING D. PHILLIPS
Acting United States Attorney
D.C. Bar No. 415793


By:   */s/ Christopher A. Berridge*
Christopher A. Berridge
Assistant United States Attorney
GA Bar No. 829103
555 Fourth Street, N.W.
Washington, D.C. 20530
Telephone: (202) 252-6685
Christopher.Berridge@usdoj.gov