UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| : | Case No. 21-cr-160-3 (TJK) |
| v. : | |
| : | |
| FELICIA KONOLD : | |

**JOINT STATUS REPORT REGARDING RESUMPTION OF
DEFENDANT FELICIA KONOLD'S ELETRONIC MONITORING**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, and defendant Felicia Konold, by and through her counsel, Albert S. Watkins and Alyssa Marie Cross, respectfully submit this Joint Status Report Regarding Resumption of Defendant Felicia Konold's Electronic Monitoring, and state:

1. On or about February 26, 2021, the Court issued its Order Setting Conditions of Release pursuant to which defendant was placed on home detention and ordered to submit to location monitoring as directed by the pretrial services office or supervising officer. Dkt. 37 at ¶ 7(p) and (q).

2. On or about September 17, 2021, the Court modified defendant's home detention to home curfew between the hours of 9:00 p.m. and 6:00 a.m., and suspended defendant's electronic monitoring during the two weeks before and after her expected due date.

3. On or about October 8, 2021, the Court suspended defendant's electronic monitoring effective that day, until further order of the Court.

4. On or about November 6, 2021, defendant filed her Status Memorandum on Defendant's Pretrial Release and requested that the condition of location monitoring be removed.

5. Counsel for the government has confirmed that defendant's pretrial services officer

has no objection to terminating defendant's electronic monitoring.

6. The government does not oppose terminating defendant's electronic monitoring at this time, as such a decision appears to be within the discretion of the pretrial services office pursuant to paragraph 7(q) of the Order Setting Conditions of Release. Dkt. 37. However, the government does not view it as necessary or prudent for the Court to terminate the pretrial services office's discretion to reimpose electronic monitoring, pursuant to paragraph 7(q), should it be deemed necessary for defendant's pretrial release supervision in the future.

7. The undersigned Assistant U.S. Attorney has received permission from counsel for defendant to file this joint status report.

                                              Respectfully submitted,

                                              MATTHEW M. GRAVES
                                              United States Attorney
                                              D.C. Bar No. 481052

By:    */s/ Christopher K. Veatch*
        CHRISTOPHER K. VEATCH
        Assistant United States Attorney
        IL Bar No. 6276097 (Detailee)
        555 4th Street, N.W.
        Washington, D.C. 20530
        (312) 886-3389
        christopher.veatch@usdoj.gov